*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* PETITION OF VAN BUREN COUNTY TREASURER FOR FORECLOSURE.

---

VAN BUREN COUNTY TREASURER,

      Petitioner-Appellant,

v

BRIAN LAWSON, Personal Representative of the ESTATE OF IVAN LAWSON,

      Respondent-Appellee.

UNPUBLISHED
November 30, 2023

No. 362336
Van Buren Circuit Court
LC No. 2020-070073-CH

---

*In re* PETITION OF VAN BUREN COUNTY TREASURER FOR FORECLOSURE.

---

VAN BUREN COUNTY TREASURER,

      Petitioner-Appellant/Cross-Appellee,

v

XAVIER L. PRESTON, Personal Representative of the ESTATE OF DENICE BROWN,

      Respondent-Appellee/Cross-Appellant,

and

BEERSHEBA BIBLE CHURCH MINISTRIES, MARK BEYER, LORI BEYER, NANCY BOSKER, JAMES HUNNIFORD, Personal Representative of

No. 362464
Van Buren Circuit Court
LC No. 2020-070073-CH

-1-

the ESTATE OF ROBERT HUNNIFORD, and
ALAN SMITH,

        Cross-Appellants.

_____

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

In Docket No. 362336, petitioner, the Van Buren County Treasurer, appeals by leave granted,[1] the trial court order granting the motion by respondent, the Estate of Ivan Lawson (the Lawson Estate), brought by the estate's personal representative, Brian Lawson, to disburse the surplus proceeds from the tax-foreclosure sale after satisfaction of the estate properties' outstanding taxes, interest, penalties and fees (collectively, the tax debt). In Docket No. 362464, petitioner appeals by leave granted,[2] the trial court order granting the motion by respondent, the Estate of Denice Brown (the Brown Estate), brought by the estate's personal representative, Xavier L. Preston, also to disburse the surplus proceeds from the tax-foreclosure sale after satisfaction of the estate property's tax debt. Cross-appellants, the Brown Estate, Beersheba Bible Church Ministries, Mark Beyer, Lori Beyer, Nancy Bosker, and Alan Smith, challenge the trial court's denial of their separate motions to disburse the remaining proceeds. And, cross-appellant, the Estate of Robert Hunniford (the Hunniford Estate), brought by the estate's personal representative, James Hunniford, challenges the trial court's decision to grant petitioner's motion for reconsideration and ultimately hold that the Hunniford Estate was not entitled to the remaining surplus proceeds. We affirm in part and reverse in part.

## I. FACTUAL AND PROCEDURAL HISTORY

These appeals arise from foreclosure proceedings under the General Property Tax Act, MCL 211.1a *et seq*. Specifically, petitioner gave notice of foreclosure proceedings, sold the subject properties, and the properties were not redeemed. After the tax debt was satisfied, a surplus of foreclosure proceeds were available. However, the claimants did not timely pursue their claims in accordance with MCL 211.78t. To avoid the ramifications of the untimeliness, the claimants challenged MCL 211.78t on constitutional grounds. Further, where the property owner died, it was alleged that the death savings clause tolled the timeframes for filing a claim. As more fully set forth below, this Court recently rejected the constitutional challenges to MCL 211.78t. And, the tolling provision, MCL 600.5852, did not apply in light of MCL 211.78t(12).

_____

[1] *In re Petition of Van Buren Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered November 14, 2022 (Docket No. 362336).

[2] *In re Petition of Van Buren Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered November 14, 2022 (Docket No. 362464). The appeals were consolidated to advance the efficient administration of justice.

## II. STANDARD OF REVIEW

The interpretation and application of statutes, rules, and legal doctrines present questions of law subject to de novo review. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). When interpreting a statute, the goal is to give effect to the Legislature's intent. *Ricks v State of Mich*, 507 Mich 387, 397; 968 NW2d 428 (2021). The plain language of the statute provides the most reliable evidence of the legislative intent. *Sanford v State of Mich*, 506 Mich 10, 16; 954 NW2d 82 (2020). "If the language of a statute is clear and unambiguous, we presume that the Legislature intended the meaning clearly expressed." *Gardner v Dep't of Treasury*, 498 Mich 1, 6; 869 NW2d 199 (2015). The trial court's factual findings underlying an interpretation of law are reviewed for clear error. See *Kaeb v Kaeb*, 309 Mich App 556, 564; 873 NW2d 319 (2015). "Principles of stare decisis require us to reach the same result in a case that presents the same or substantially similar issues as a case that another panel of this Court has decided." *Pew v Mich State University*, 307 Mich App 328, 334; 859 NW2d 246 (2014); see also MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis."); MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.").

## III. ANALYSIS

Cross-appellants submit that the legislative process created to address the recovery of foreclosure proceeds is merely a permissive procedure for which noncompliance does not prevent receipt of funds that exceeded the collection of the tax debts. Additionally, cross-appellants contend that the legislative deadlines pertaining to foreclosure proceeds violate due process and constitute a taking of property without just compensation. We disagree.

In *In re Petition of Muskegon Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363764), slip op 4-5, 7-12, this Court rejected cross-appellants claims. Specifically, it was concluded that MCL 211.78t is the exclusive means for recovering excess foreclosure proceeds, and the use of the term "may," although permissive, did not indicate an alternative means to pursue a claim, but rather, reflected the alternative of not pursuing a claim at all. *Id.* at slip op 4-5. Further, this Court rejected the challenge to the procedure for seeking foreclosure proceeds on due process and takings grounds. *Id.* at slip op 7-12. Due process was satisfied by the foreclosing government unit when it provided notice to claimants of the right to request any excess proceeds and the mechanism to exercise that right. *Id.* at slip op 8. Whether an alternate or better system was available presented a policy decision for the Legislature. *Id.* at slip op 8-9. And, the Legislature's enactment of procedural avenues to recover surplus proceeds did not constitute a taking. *Id.* at slip op 10-11. We are bound to follow this precedent. *Pew*, 307 Mich App at 334; MCR 7.215(J)(1).

To the extent the owner of the foreclosed property died, the Lawson Estate, the Brown Estate, and the Hunniford Estate assert that the death saving statute, MCL 600.5852,[3] tolls the deadline to file the form and make a claim. We disagree.

For foreclosed property, a claimant must complete a treasury form by the July 1 immediately following the effective date of the property's foreclosure. MCL 211.78t(2). This notice must include the claimant's name, address, and telephone number, the foreclosed parcel's identification number and available address, an explanation of the claimant's interest in the property, and a description of any other interest in the property known to the claimant. MCL 211.78t(2)(a-f). For purposes of MCL 211.78t, a "claimant" is "a person with a legal interest in property immediately before the effectiveness of a judgment of foreclosure of the property under [MCL 211.78k] who seeks pursuant to this section recognition of its interest in any remaining proceeds associated with the property."

The Estates submit that, under the savings provision of MCL 600.5852(1), the deadline for filing the proceeds claim was tolled. But, the plain language of MCL 211.78t does not require that the decedent's estate pursue the claim. *Gardner*, 498 Mich at 6. Rather, MCL 211.78t(12) defines a claimant to include a "person with a legal interest in property" immediately before the foreclosure judgment took effect. By statute and at common law, the title to real estate passes at death to the heirs and devisees. *In re Emmet Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359447), slip op at 5 citing MCL 700.3101; *Pardeike v Fargo*, 344 Mich 518, 522; 83 924 (1955) ("Upon the death of the owner of real estate, title passes to and vests in the heirs, not to the personal representatives."). The plain language of MCL 211.78t merely required that a claimant submit a form and delineate the interest. There was no statutory provision that a probate action be filed and a claim pursued by a personal representative.[4] *Gardner*, 498 Mich at 6.

---

[3] MCL 600.5852(1) states, "If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run."

[4] By way of example, in the Lawson Estate, Ivan Lawson died intestate on August 14, 2015, leaving two parcels of property. Taxes were not paid on one parcel for the tax years 2015, 2016, 2017, and 2018. On the other parcel, taxes were not paid for the tax years 2014, 2015, 2016, 2017, and 2018. Although a probate estate was opened in 2016, it was closed for noncompliance in 2017. Although the Lawson Estate was reopened, a notice of a claim to foreclosure proceeds was not timely filed. Lawson's heirs did not timely submit a notice of their claim as having a legal interest through intestacy. The plain language of MCL 211.78t allows an heir who fails to assume responsibility for inherited property by maintaining it and paying taxes and who fails to file a probate action, to receive foreclosure proceeds if they timely file a claim demonstrating the interest.

Accordingly, in Docket No. 362336 and 362464, we reverse the trial court's order granting the disbursement of foreclosure proceeds to the Lawson Estate and the Brown Estate and remand for entry of an order in favor of petitioner. We affirm the trial court's orders denying disbursement of foreclosure proceeds to cross-appellants. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick